ORDERED in the Southern District of Florida on June 16, 2008



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| Greater Miami Neighborhoods, Inc., *et al.* | Case No. 08-10694-BKC-AJC (Jointly Administered) |
| Debtors. _____/ | |
| Island Place Apartments, LLC, | Adv. Pro. No. 08-01186-AJC |
| Plaintiff, | |
| v. | |
| First Home View Corp. and 1551 NE 167 ST LLC, | |
| Defendants. _____/ | |

### ORDER GRANTING SUMMARY FINAL JUDGMENT TO DEFENDANTS ON ALL COUNTS OF THE AMENDED COMPLAINT

THIS CAUSE came before the Court on May 28, 2008 at 11:30 a.m. (the "Hearing") upon the *Motion to Dismiss Amended Complaint* (the "Motion") [D.E. No. 7] filed by First

1105460-1

Home View Corp. ("First Home") and 1551 NE 167 ST LLC ("1551," and together with First Home, the "Defendants") to dismiss the amended complaint ("Complaint") filed by plaintiff, Island Place Apartments, LLC ("Plaintiff" or "Debtor"). Pursuant to the Motion, the Defendants request dismissal of the Complaint pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.Civ. P."), made applicable in this adversary proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure ("FRBP").

The Court has considered the Motion, the *Plaintiff's Response in Opposition to Motion to Dismiss Amended Complaint* (the "Response") [D.E. No. 11] and the argument of counsel at the Hearing. The parties stipulated that the facts necessary to adjudicate the issues raised by the Motion and Response are not in material dispute. Pursuant to F.R.Civ. P. Rule 12(d), made applicable in this proceeding pursuant to F.R.B.P. 7012(b), on a motion under Rule 12(b)(6) if matters outside the pleadings are presented to the Court, the motion to dismiss is treated as a motion for summary judgment under F.R.Civ. P. Rule 56. The Court, with the consent of the parties, conducted the Hearing as a hearing on a motion for summary judgment in accordance with standards set forth in F.R.Civ. P. Rule 56 and applicable law.

The Court, having considered the matters presented in the Motion, the Response, and the argument of counsel, and being fully advised in the premises enters the following opinion in conformance with the Federal Rules of Bankruptcy Procedure:

## UNDISPUTED FACTS

1.  On January 22, 2008 (the "Petition Date"), the Plaintiff, along with various related entities (collectively, the "Debtors"), filed voluntary chapter 11 bankruptcy petitions. Complaint, ¶ 7.

1105460-2

2.  Prior to the Petition Date, the Debtor owned the "Island Place Apartments", a 199 unit residential apartment complex located in North Miami Beach, Florida (the "Property"). Complaint, ¶ 15.

3.  Prior to the Petition Date, Century/AAA, Ltd. ("AAA"), an entity unrelated to First Home or 1551, furnished labor, materials and/or services to the Property. Complaint, ¶ 17. The Debtor did not pay AAA for the services provided by AAA to the Property. Complaint, ¶ 18.

4.  On March 19, 2007, AAA recorded a claim of lien against the Property. Complaint, ¶ 19.

5.  On August 3, 2007, AAA commenced an action in state court to, *inter alia*, foreclose its claim of lien (the "State Court Case"). Complaint, ¶ 21.

6.  The Debtor did not contest the State Court Case and on September 20, 2007, the Court entered a default final judgment in the amount of $18,884.73 in favor of AAA and against the Debtor (the "Judgment"). Complaint, ¶¶ 22 – 23.

7.  The Judgment directed the clerk of the court to conduct a foreclosure sale of the Property on October 31, 2007. Complaint, ¶ 24.

8.  On October 31, 2007, First Home was the successful bidder of the Property at the foreclosure sale (the "Foreclosure Sale"). Complaint, ¶ 25.

9.  On October 31, 2007, the clerk of the court issued a certificate of sale to First Home. Complaint, ¶ 25.

10. Thereafter, U.S. Bank, N.A., the first mortgage holder on the Property, filed an objection to the foreclosure sale and sought to vacate the Foreclosure Sale. Motion, ¶6.

1105460-2

11. On December 28, 2007, the judge presiding over the State Court Case entered its *Order Overruling Interested Non-Party U.S. Bank, N.A.'s Objection To Foreclosure Sale and Objection To Issuance of Certificate of Title and Confirming Foreclosure Sale of October 31, 2007* (the "Order Confirming Sale").[1] Motion, ¶ 6.

12. The Order Confirming Sale contains, *inter alia*, the following findings:

> "The record fails to reveal any irregularity in the sale. All necessary parties were properly noticed. The mortgagor was not prevented from exercising its right of redemption. The sale date was properly published. The record reveals no evidence of over-bearing conduct, a grossly low bid, or collusion."

Order Confirming Sale, Pg. 5.

13. On January 9, 2008, the judge presiding over the State Court Case entered its *Order Granting First Home View Corp.'s Motion to Intervene And for Certificate of Title And Writ Of Possession* (the "Title Order")[2] directing the clerk of the court to issue the certificate of title to First Home pursuant to Florida Statutes Ch. 45 (the "Certificate of Title"). Complaint, ¶ 26.

14. Thereafter, 1551 purchased, for value, the Property from First Home. Motion, ¶ 7.

15. Affiliates of 1551 own and operate, among other assets, a 101 acre trailer park located in Sweetwater, FL that provides low and moderate income housing to approximately 908 residents. Another affiliate is a HUD-approved manager of Section 8 property. Motion, ¶ 7.

16. Prior to its acquisition of the Property, neither First Home nor 1551 had a relationship to the Property or the Debtor. Motion, ¶ 8.

17. On February 5, 2008, the Debtor recorded a suggestion of bankruptcy in the public records in and for Miami-Dade County, Florida. Complaint, ¶ 28.

---

[1] A copy of the Order Confirming Sale is attached as <u>Exhibit A</u> to the Motion.
[2] A copy of the Title Order is attached as <u>Exhibit B</u> to the Motion.

18.   On February 15, 2008, the clerk of the court recorded the Certificate of Title in the public records in and for Miami-Dade County, Florida. Complaint, ¶ 29.

19.   On March 7, 2008, Island Place filed a complaint against First Home, as amended on April 1, 2007, commencing the instant adversary proceeding (the "Adversary") seeking to: (i) avoid the transfer of the Property at the Foreclosure Sale as either a preferential or fraudulent transfer; (ii) avoid the recording of the Certificate of Title as an unauthorized post-petition transfer; and (iii) recover the Property pursuant to 11 U.S.C. § 550.[3]

## CONCLUSIONS OF LAW

20.   The Defendants seek dismissal of the Complaint pursuant to F.R.Civ. P. 12(b)(6).

21.   Generally, there is a liberalized notice pleading standard under the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. The U.S. Supreme Court recently clarified that: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Further,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...

*Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.

22.   In reviewing a motion to dismiss, a court will generally accept plaintiff's allegations as true. *See Powers v. United States*, 996 F.2d 1121, 1126 (11th Cir. 1993). A court

---

[3] Count I of the Complaint seeks to avoid the transfer of the Property pursuant to 11 U.S.C § 547(b); Count II seeks relief pursuant to 11U.S.C. § 548(a)(1); Count III seeks relief pursuant to 11 U.S.C. §544(b) and Fla. Stat. §§ 726.105(1)(b) and 726.108; Count IV seeks relief pursuant to 11 U.S.C. §544(b) and Fla. Stat. §§ 726.106(1) and 726.108; and Count V seeks relief pursuant to 11 U.S.C. § 549.

1105460-2

may reject, however, allegations clearly refuted by that which the court can judicially notice. *See Id.* Likewise, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *See Marsh v. Butler Cty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001); *see also South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996) ("as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss"); and *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991) (trial court can dismiss a complaint for failure to state a claim when no construction of the allegations will support the cause of action on a dispositive issue of law).

23. In the context of the Motion and the Response, the Court reviewed matters outside the pleadings. The Court is permitted to do so pursuant to F.R.Civ. P. 12(b)(6) and, upon doing so, treat the Motion as a motion for summary judgment under F.R.Civ. P. 56 and applicable law.

24. Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A summary judgment is properly regarded not as a disfavored procedural shortcut, but rather, as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex*, 477 U.S. at 327.

25. Here, the parties represent that there are no genuine issues of material fact and that the Court may dispose of this Adversary by summary judgment.

A. **Fraudulent Transfer Claims**

26. The Debtor first seeks to avoid and recover the Property as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code and applicable state law.

27. In *BFP v. Resolution Trust Corporation*, 511 U.S. 531 (1994), the Supreme Court held that "reasonably equivalent value" for foreclosed real property is the price in fact received at the foreclosure sale so long as all the requirements of the state's foreclosure law have been met.

28. That is, where a foreclosure sale has been conducted in accordance with applicable state law, the sale cannot be subsequently attacked or challenged as a fraudulent transfer.

29. Here, there has been no allegation that the sale was collusive, conducted in bad faith or in violation of sate law. Indeed, the Order Confirming Sale concludes that the Foreclosure Sale was conducted in accord with applicable state law and there is no evidence of collusion, overbearing or a shockingly low price.

30. The Plaintiff asserts that the holding in *BFP* does not apply in this case because the sale stemmed from the foreclosure of a lien as opposed to a foreclosure of a mortgage. The Plaintiff cites to footnote 3 of the *BFP* opinion where the Supreme Court stated as follows:

> "We emphasize that our opinion today covers only mortgage foreclosures of real estate. The considerations bearing upon other foreclosures and forced sales (to satisfy tax liens, for example) may be different."

*BFP*, 511 US at 537, n.3.

31. This area of the law has developed and expanded since 1994 when the Supreme Court issued its *BFP* decision. Since that time the rationale of *BFP* has been applied by other courts, including the Fifth and Tenth Circuit Court of Appeals, to other sales, including tax sales. *In re Grandote County Club Co., Ltd.*, 252 F.3d 1146 (10th Cir. 2001) citing *T.F. Stone Co. v. Harper (In re T.F. Stone Co.)*, 72 F.3d 466, 468-69 (5th Cir.1995); *Russell-Polk v. Bradley (In re Russell-Polk)*, 200 B.R. 218, 220-22 (Bankr. E.D. Mo. 1996); *Golden v. Mercer County Tax*

*Claim Bureau (In re Golden)*, 190 B.R. 52, 58 (Bankr. W.D. Pa. 1995); *Hollar v. Myers (In re Hollar)*, 184 B.R. 243, 252 (Bankr. M.D.N.C. 1995); *Lord v. Neumann (In re Lord)*, 179 B.R. 429, 432-35 (Bankr. E.D. Pa. 1995); *McGrath v. Simon (In re McGrath)*, 170 B.R. 78, 82 (Bankr. D. N.J. 1994).

32. Applying the *BFP* rationale to a tax sale, the Tenth Circuit Court of Appeals noted in *Grandote Country Club*, , "the decisive factor in determining whether a transfer pursuant to a tax sale constitutes 'reasonably equivalent value' is a state's procedure for tax sales, in particular, statutes requiring that tax sales take place publicly under a competitive bidding procedure." *Grandote Country Club*, 252 F.3d at 1152.

33. In Florida, the procedures a lien claimant must follow to foreclose its lien are nearly identical to the procedures that a mortgagee must follow to foreclose a mortgage. In either case:

- There is no self-help, each must file a foreclosure complaint with notice to the property owner;
- The property owner has the right to appear and raise defenses;
- The priority and enforceability of the lien is determined by final judgment of foreclosure;
- The foreclosure judgment requires that notice of the foreclosure sale be published;
- The foreclosure sale is conducted by the clerk of the court; and
- The property owner has the right to redeem the property.

*See, generally*, Fla. Stat. Ch. 702 (mortgage liens) and 713 (liens for goods or services).

8

1105460-2

34. Applying the rationale articulated by the Tenth Circuit Court of Appeals in *Grandote Counrty Club,* there is no reason why the holding of *BFP* should not apply in the context of a mechanic's lien foreclosure under Florida law. The validity of the AAA lien was adjudicated by final judgment in the State Court Case. The Foreclosure Sale was conducted appropriately in accordance with Florida law and the State Court concluded that there was no evidence of bad faith, collusion or a shockingly low price for the Property. First Home was declared the highest bidder at a sale duly advertised in accordance with Florida law; and the state court directed the clerk of court to issue and record a Certificate of Title in favor of First Home.

35. Applying the foregoing analysis, this Court concludes that the fraudulent transfer claims asserted by the Plaintiff in Counts II, III and IV of the Complaint fail as a matter of law and the Defendants are entitled to entry of final judgment in their favor.

### B. **The Preference Claims**

36. The Debtor also seeks to avoid the sale as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code.

37. Section 547(b) permits the Debtor to recover a transfer of an interest in property:

   a. To or for the benefit of a creditor;

   b. For or on account of an antecedent debt;

   c. Made within the 90 days prior to the Petition Date and while the Debtor was insolvent;[4] and

   d. That permitted the creditor to receive more that it would have if (i) the case were converted to a case under chapter 7, (ii) the payment had not been made, and (iii) such creditor would have received payment in accordance with the priorities established under the Bankruptcy Code.

---

[4] Neither of the Defendants is an insider of the Debtor as defined in Section 101(31) of the Bankruptcy Code.

*See* 11 U.S.C. § 547(b).

38. The Debtor argues that there is no equity in the Property above the amount of the first and second mortgages. Therefore, the Debtor asserts that in a liquidation, the Property would be sold for less than the amount of all liens and AAA's claim would be relegated to a general unsecured claim in the Debtor's case which would not be paid in full in this case.[5]

39. The Defendants assert in their Motion that in a liquidation, under 11 U.S.C. § 363(f), the trustee (as successor to the Debtor) could not compel a sale of the Property free and clear of the lien of AAA without the consent of AAA, unless the price were sufficient to satisfy AAA's lien. The Defendants rely on *Mae Servs. L.P. v. WDH Howell, LLC*, 298 B.R. 527 (D. N.J. 2003) and *In re Feinstein Family P'ship*, 247 B.R. 502 (Bankr. M.D. Fla. 2000). The Defendants conclude that, in a liquidation, AAA would be entitled to enforce its lien and defeat a sale that would not yield proceeds in an amount sufficient to pay its lien in full.

40. Although the Court does not agree with the Defendants foregoing argument, and believes it may authorize the sale of property for less than the amount of the recorded liens, the Court finds the Defendants' alternative argument to be persuasive and therefore need not decide the foregoing issue. The Defendants assert that, even if the Debtor could satisfy the elements of Section 547(b), the Defendants, as the purchasers at a duly noticed foreclosure sale, are good faith purchasers for value and, accordingly, no recovery can be had against them. *See* 11 U.S.C. § 550(b)(1). There is no allegation in the complaint that the Defendants colluded, or otherwise acted improperly, in connection with the sale. Indeed, given the findings made in the Order Confirming Sale, ¶12, *supra*, the Debtor is precluded from asserting that First Home is not a good faith purchaser.

---

[5] Neither party submitted evidence regarding the value of the Property, but for purposes of the Court's analysis, the Court has presumed, that there is no equity in the Property as the Debtor suggests.

1105460-2

41. Section 550(b) of the Bankruptcy Code provides, in pertinent part:

> (b) The trustee may not recover under section (a)(2) of this section from –
>
> > (1) a transferee that takes for value ... in good faith, and without knowledge of the voidability of the transfer avoided; or
> >
> > (2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

42. The Defendants had no prior relationship with the Debtor. They are not affiliated in anyway with the Debtor. First Home was determined to be the winning bidder at the Foreclosure Sale by the clerk of the court. The Debtor received value in that its liability to AAA was satisfied and extinguished. Pursuant to Section 550(b) of the Bankruptcy Code, the Debtor cannot recover against either of the Defendants as they are good faith transferees for value.

C.     The Post-Petition Recording of the Certificate of Title

43. The Debtor asserts that the recording of the Certificate of Title post-petition constitute an unauthorized post-petition transfer that may be avoided pursuant to Section 549 of the Bankruptcy Code.

44. The clerk of the court conducted the Foreclosure Sale on October 31, 2007; pre-petition.

45. On the same day, the clerk of the court issued a Certificate of Sale in favor of First Home.

46. Under Florida law, the equitable right to redeem property may be exercised until the filing of the certificate of sale:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a

>foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

Fla. Stat. § 45.0315.

47. As a matter of law, once the Certificate of Sale was issued, the Debtor lost its right of redemption and all of its interest in the Property.

48. On January 9, 2008, the state court entered the Title Order directing the clerk to issue the Certificate of Title to First Home. The recording of the Certificate of Title by the clerk of the court was a mere ministerial act.

49. It is well settled that ministerial acts performed in a judicial proceeding subsequent to a bankruptcy filing do not fall within the proscription of the automatic stay. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2nd Cir. 1994) (simple and "ministerial" act of the entry of a judgment by the court clerk does not constitute the continuation of a judicial proceeding under section 362(a)(1)); *Savers Fed. Sav. & Loan Ass'n v. McCarthy Constr. Co. (In re Knightsbridge Dev. Co.)*, 884 F.2d 145, 148 (4th Cir. 1989) (clerical act of recording arbitration award does not violate § 362); *Heikkila v. Carver (In re Carver)*, 828 F.2d 463, 464 (8th Cir.1987) ("routine certification" by clerk of court that debtor failed to redeem contract within redemption period does not violate § 362); *Teachers Ins. & Annuity Ass'n v. Butler*, 58 B.R. 1019, 1022 (S.D.N.Y. 1986) (filing of a signed judgment and entry on the docket by the clerk is "a purely ministerial act" that does not violate the automatic stay of § 362).

50. A ministerial act is one that is essentially clerical in nature. *See* BLACK'S LAW DICTIONARY 996 (6th ed. 1990). Thus, when an official's duty is delineated by a rule or law with

1105460-2

such clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *See United States ex rel. McLennan v. Wilbur*, 283 U.S. 414, 420 (1931) (indicating that a duty is ministerial if "the obligation to act [is] peremptory, and plainly defined").

51. Once the Certificate of Sale was issued, the Debtor no longer had any interest in the Property, or any equitable rights related thereto. Therefore, at the time the Certificate of Title was recorded, no transfer of property of the Debtor's estate occurred. Further, because the recording of the Certificate of Title following the expiration of the Debtor's right of redemption is only a ministerial act, the Defendants are entitled to judgment in their favor on Count V of the Complaint.

52. The Court shall enter a separate Final Summary Judgment.

###

Copies furnished to:

Jordi Guso, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
jguso@bergersingerman.com

(Attorney Guso is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest)

1105460-2